Smith, C. J.
The questions in this case are raised by the demurrer of the plaintiff to the answer of the defendants. This demurrer was sustained by the common pleas court, and a decree rendered for the plaintiff, from which the defendants appealed, and the case has been heard by us on the same issue.
The facts as shown by the pleadings are, that one Huffman executed to Whitely a chattel mortgage on certain property, which was duly filed July 12, 1884, but was never re-filed as required by the statute. Huffman retained possession of the mortgaged property until his death August 10, 1885, when the administrator of his estate took possession of it, caused it and the other assets of the estate (-there being no real estate) to be sold, and applied the proceeds to the payment of debts of his intestate, including the funeral expenses, and those of the last sickness, costs and expenses of administration, and the allowance made to the widow for her year’s support. The assets of the estate were not sufficient to pay all of these *337 claims, and after the sale of the mortgaged property by the administrator, Whiteley commenced the action against the administrator and the purchaser of the mortgaged property» asking a forecluSure of the mortgage and a sale of the property. Can such action be maintained ?
Saying nothing of the fact that it nowhere appears in the; pleadings that the purchaser of this property from'the administrator, had any knowledge of the existence of the mortgage» originally filed, and therefore must be presumed to be a purchaser in good faith, and to have taken a good title under the? sale, the principal question argued to us is, whether the» mortgage, on account of not having been re-filed, was void] as to persons holding claims against the estate for funeral expenses,' costs of administration, and the allowance to the-widow ; and this we think is substantially settled by the decision of the supreme court in the ease of Kilbourn v. Fay, 29> Ohio St., 265, taken in connection with the plain provisions; of our administration law, hereinafter cited. That case decided' in effect, that where a chattel mortgage is not filed, or re-filed as the statute requires, and the mortgagor dies in possession of the mortgaged property, leaving an insolvent estate», that the mortgagee cannot enforce the lien of the mortgage against the personal representative of the mortgagor who has; succeeded to the possession of the property, and for the reason, that such an unfiled mortgage, under the provisions.of the statute, is void as against the creditors of the deceased.
Accepting this decision as the law of Ohio as we are; bound to do, though rendered by a divided court, and although it is strenuously urged to us that the views of the dissenting judges state the law properly, the only questions for our decision are, was this an insolvent estate, and1; was this mortgage void as to the creditors of such estate, or-any or all of them. And especially whether the widow, to» whom had been set off an allowance for the support of herself and minor children for one year, or the holders of claims for-funeral expenses or costs of administration, are creditors of such estate'in the meaning of the statute and the decision referred to.
*338 It is clear from the allegations of the answer, that the assets of the estate, including the proceeds of the mortgaged property, are insufficient to pay all of these demands and the general creditors of the estate. If all are to be considered in determining whether the estate is insolvent, then there can be sio question but that this case is brought within the letter .¡and spirit of the decision in the case of Kilbourn v. Fay.
An-estate is insolvent when it will not pay all of the demands against it; and when this appears probable, the administrator is to so represent to the court, and we think there can be no doubt, that when he finds that the assets are not ¡sufficient to pay the allowance to the widow, and the other «claims, that he must so represent to the court, and have it de«clared probably insolvent, and then the assets are to be distributed and paid out as provided in the statute. By the express 'terms of the law, the funeral expenses, costs of administering the estate, and the allowance to the widow, are to be considered as debts of the estate, and the holders of such claims as creditors thereof, and as holding a superior position to that «of general creditors.
Thus sec. 6090 Rev. Stats, provides, that any executor or administrator shall proceed with diligence to pay the debts of the deceased, and shall apply the assets to the payment of the debts in the following order: first the funeral expenses, those of the .■last sickness and the expenses of the administration. 2nd, 'The allowance made ito the widow and children, etc, etc. * * * ““And if there be not enough after paying any one of said ■classes to pay all of the debts of the next of the other classes, •all the creditors of the latter class, shall be paid ratably in proportion to their respective debts.” Here is an express declaration that the year’s allowance to a widow is a debt of the estate, and that she is a creditor thereof.
It is true that sec. 6091 provides, that “ nothing in sec. 6090 «shall affect or impair any lien which any creditor or person /had upon the personal estate of the deceased in his life-time.” .But the holding of the supreme court is, that an unfiled chattel mortgage is not a lien as against creditors, where the estate of the mortgagor is insolvent. And if we are right in holding that this was an insolvent estate and the widow a *339 creditor thereof, that section has no effect here. If the mortgage had been properly refiled' so as to have been a lien on the property at the time of the death of Huffman, then it would have had priority, and the administrator if he sold the property in the course of administration, would have properly, under the order of the court, applied the proceeds, less the expenses, to the satisfaction of the lien.
But even if it be conceded that the widow as to her year’s allowance, and the holders of claims for funeral expenses and costs of administration, are not to be considered strictly as creditors of the estate, it would seem that the same result would practically follow. As to all of the personal assets of the estate, exclusive of those arising from the sale of the mortgaged property, the widow and the holders of such preferred claims stand in a better position, than do the general creditors, and by the express terms of the statute are to be first paid. In the case now before us, the assets, exclusive of the sum arising from the sale of the mortgaged property, would be required to pay such preferred claims. There would remain then for the general creditors, only the proceeds of the sale of the mortgaged property, and the mortgage being as to them void, they would take such proceeds in preference to the mortgagee.
Holding then the mortgage to be void as against the creditors of this estate, and that it gave the mortgagee no lien on the property or the proceeds, it is not really necessary that we should pass on the other question presented in argument, viz., whether the plaintiff can maintain this action, the property having been sold by the administrator in due course of administration, and whether in such case his only remedy is not in the probate court; there to assert his claim upon the proceeds, if it be conceded that his mortgage is valid.
Without having fully considered that question, we are of opinion that the claim of the counsel for defendant on this point is correct. Such is the unquestioned law of this state now, in proceedings under the insolvent debtor’s act. Where an assignee for the benefit of creditors has taken possession of property of his assignor, subject to a lien of a chattel mortgage, and has sold it in due course of administration, the lien of the mortgagee is transferred to the fund, *340 and the mortgagee must look for payment to the fund in the hands of the assignee, and assert his right in the probate court. Lindeman v. Ingham, 36 Ohio St., 1; Id., 37 Ohio St., 218.
H. Percy Smith, for plaintiff.
L. D. Doty, for defendant.
And we see no reason why the same rule should not apply in a case of this kind. The demurrer to the answer will be overruled, and if the plaintiff does not desire to reply, the petition will be dismissed.